OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from Appellant Kirsten M. Flahive's conviction and sentence on one count of OMVI, in violation of R.C. § 4511.19 and one count of Marked Lanes, in violation of R.C. § 4511.33.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On June 26, 2003, Deputy Mielke initiated a traffic stop of Appellant when he observed her operating her car erratically. Appellant was driving very slowly, weaving in and out of her lane and when the Deputy attempted to pass her, she almost struck the cruiser.
{¶ 4} Upon stopping Appellant, the deputy observed a strong odor of alcohol about her person. She appeared to be confused when asked to respond to simple questions. She exhibited difficulty maintaining her balance during and after exiting her vehicle. She also performed poorly on the field sobriety tests.
{¶ 5} Appellant was arrested and charged with OMVI and Marked Lanes and was transported to the Delaware County Jail where she was read the required portions of the BMV Form 2255 advising her of the consequences of taking or refusing a chemical test. Appellant refused to take a chemical breath test.
{¶ 6} When the officer attempted to serve her with a citation and summons to appear for an arraignment on July 2, 2003, at 8:30 a.m., Appellant informed the officer that she did not care when the court date was because she lived in Florida and would not be appearing at such arraignment. Based on her statement, the deputy scheduled her for a jail arraignment, considering her to be a flight risk.
{¶ 7} At her arraignment on the same day, Appellant entered pleas of not guilty to the charges.
{¶ 8} On October 14, 2003, a jury trial commenced in this matter.
{¶ 9} At trial, the State of Ohio presented the testimony of the arresting officer. Officer Mielke testified as to his observations of Appellant's driving, her appearance and certain statements made by her as well as her performance on the three field sobriety tests she performed.
{¶ 10} The defense presented the testimony of Appellant's father who testified that he had seen his daughter two hours prior to her arrest and the she did not appear impaired by alcohol. Appellant also testified on her own behalf and stated that her driving that night was straight and deliberate.
{¶ 11} The jury returned verdicts of guilty as charged on the OMVI and Marked Lanes violations.
{¶ 12} The trial court sentenced Appellant to 120 days in the Delaware County Jail, with 105 of those days suspended, a three year license suspension and $550.00 fine on the OMVI charge and a $100.00 fine on the Marked Lanes violation.
{¶ 13} It is from this sentence Appellant appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 14} "I. The trial court committed prejudicial error when it permitted the state of ohio to present a blank bmv 2255 form to the arresting officer and inquire of the arresting officer regarding the penalty for multiple refusals.
{¶ 15} "II. The trial court erred in overruling the defendant's motion for a mistrial.
{¶ 16} "III. The jury's finding that the defendant was guilty of all charges was against the sufficiency and manifest weight of the evidence presented at the trial of this matter.
{¶ 17} "IV. The court committed prejudicial error overruling the defendant's motion for acquittal.
{¶ 18} "V. The court committed prejudicial error in permitting deputy mielke to testify regarding statements allegedly made by the defendant regarding her attendance at her arraignment."
 I., II., IV., V.
{¶ 19} In her first, second, fourth and fifth assignments of error, Appellant assigns error to the trial court's rulings made during trial as to the allowance of testimony by Officer Mielke and the court's ruling on motions made by Appellant.
{¶ 20} Appellant cites us to the video tape in support of her arguments.
{¶ 21} App. R. 9(A) provides if the transcript of proceedings is in the video tape medium, counsel for appellant shall type or print those portions of the transcript necessary for the court to determine the questions presented, shall certify their accuracy, and append such copy of the portions of the transcript to the brief. In State v. Ashbaugh (December 20, 1991), Delaware Appellate No. CA-91-15, this court held App. R. 9 states a mandatory procedure for a video tape transcript, and failure to comply with the Rule represents failure to demonstrate the claimed error. This court cited Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, as holding the duty to provide a transcript for appellate review falls upon the appellant because the appellant bears the burden of showing error by reference to matters in the record. Knapp held when portions of the transcript necessary for resolution of the assigned errors are not in the record, a reviewing court has nothing to pass upon, and has no option but to presume the validity of the trial court's proceedings, and affirm.
{¶ 22} Appellant's first, second, fourth and fifth assignments of error are overruled.
 III.
{¶ 23} In her third assignment of error, appellant argues the jury's verdict is not sustained by the evidence and is against the manifest weight of the evidence. Again, absent a transcript this court cannot review issues of fact or sufficiency and manifest weight of the evidence.
{¶ 24} The third assignment of error is overruled
{¶ 25} Accordingly, the judgment of the Municipal Court of Delaware County is affirmed.
Farmer, P.J., concurs
Hoffman, J., concurs separately.