OPINION *Page 2 
{¶ 1} Plaintiff-appellant Mary Ruckman appeals the judgment of the Delaware Municipal Court, which affirmed the decision of the magistrate, rendering a verdict in favor of defendant-appellee Greg Hovatter following a bench trial.
 STATEMENT OF FACTS AND LAW {¶ 2} Our review of the complaint and magistrate's decision reveals the following facts. Appellant Ruckman hired appellee Hovatter in January of 2005 to do some home improvement work in the kitchen area of her home. Appellant wanted repairs to be done to her ceiling and she wanted cherry cabinets to be hung on her walls. Appellee began the work on January 13, 2005, and continued on January 14, 2005, working a total of seven hours at the appellant's residence. Appellant claimed she fired appellee due to his shoddy work, which appellee denied.
 {¶ 3} Appellant filed a complaint in the Delaware Municipal Court, Small Claims Division, in which she alleged that the work performed by appellee was unworkmanlike and that the appellee damaged her property. Appellant admitted that she paid appellee, but claimed that she only paid appellee after firing him because she felt intimidated by appellee and his crew, and she feared for her safety.
 {¶ 4} The matter went to trial before a magistrate on February 16, 2006. Appellant set forth her arguments as referenced above. Appellee denied that the unworkmanlike work was done by him, and argued that one of the *Page 3 
reasons the appellant hired him was to rectify previous repairs that had been done in an unworkmanlike manner. Appellee also denied damaging appellant's property, and argued that appellant signed a release when she paid him for the work performed through January 14, 2005. The record does not reflect that appellant requested findings of fact and conclusions of law.
 {¶ 5} On February 27, 2006, the magistrate issued a judgment entry/magistrate's decision which stated that "neither witness was obviously more credible than the other", and held that the evidence failed to establish that the unworkmanlike work was performed by appellee and failed to establish that the appellee was the one who damaged appellant's cabinets. Appellant objected to the magistrate's decision on March 9, 2006, and on March 24, 2006, the trial court issued a judgment entry in which it overruled the appellant's objections and affirmed the decision of the trial court. The appellant appealed, setting forth the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED BY FINDING AGAINST PLAINTIFF/APPELLANT WITHOUT ANY OBJECTIVE EVIDENCE BEING CONSIDERED AND NO FINDINGS OF FACT AND CONCLUSIONS OF LAW."
 {¶ 7} The appellant appears to be arguing that the trial court's judgment was against the manifest weight of the evidence, and argues that the trial court erred in failing to issue findings of fact and conclusions of law. We disagree. *Page 4 
 I {¶ 8} In the case sub judice, the record transmitted on appeal included a videotape of the trial. No transcript was provided. App. R. 9 provides for the record on appeal, and states in pertinent part:
 {¶ 9} "(A) Composition of the record on appeal The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App. R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 10} Accordingly, if the transcript of proceedings is in the videotape medium, the appellant must type or print those portions of the transcript necessary for the appellate court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcript to his or her brief. In State v. Ashbaugh (Dec. 20, 1991), Delaware App. No. CA-91-15, *Page 5 1991 WL 302409, this court held that App. R. 9 sets forth a mandatory procedure for a videotape transcript, and failure to comply with the Rule represents failure to demonstrate the claimed error. Id. at 1. The case of Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384, was cited by the Ashbaugh Court for the holding that the duty to provide a transcript for appellate review falls upon the appellant, as it is the appellant who bears the burden of showing error by reference to matters in the record. Knapp held further that when portions of the transcript necessary for resolution of the assigned errors are not in the record, a reviewing court has nothing to pass upon, and has no option but to presume the validity of the trial court's proceedings and affirm. Knapp, supra, at 199; Ashbaugh supra, at 1. See, also, State v. Flahive, Delaware App. No. 03CA-C-11-062, 2004-Ohio-2913, at ¶ 21; and, State v. Komadina, Lorain App. No. 02CA008104, 2003-Ohio-1800, at ¶ 26-27. *Page 6 
 {¶ 11} Appellant's sole assignment of error is overruled. Accordingly, the judgment of the Delaware County Municipal Court is affirmed.
By: Edwards, J. Hoffman, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Municipal Court is affirmed. Costs assessed to appellant. *Page 1